# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------------x

**MEL THOMPSON CASE**

**Plaintiff**

-against-

**ANTHONY STAFFIERI**
**LAURA WABNO**
**MARCY MCGUIRE**
**DERBY REPUBLICAN TOWN COMMITTEE**
**SECRETARY OF STATE SUSAN BYSIEWICZ**
**PEARL WILLIAMS**
**CONNECTICUT LOCAL POLITICS, LLC**
**JASON JONES**
**MELISSA RYAN**
**CONNECTICUTS SMALLEST CITY BLOG**
**JOHN DOE#1CONNECTICUTS SMALLEST CITY BLOG**
**JOHN DOE#2 A.KA. DERBY CONSERVATIVE**
**CHRIS BIGELOW**
**SPRINGFIELD COLLEGE**

-------------------------------------------------------------x

**Defendants**

**NO. 307 CV 1439 WWE**

---

## AMENDED COMPLAINT

**Plaintiff Pro Se as and for his complaint against defendants, allege as follows:**

### JURISDICTION AND VENUE

1. The Court has jurisdiction of the subject matter of this action pursuant to
   Amendments I, V, IX, XIV §1 and XV of the United States Constitution,
   42 U.S.C. §1983, 42 U.S.C. §1985 and 42 U.S.C. §1986.

2. The district court has venue jurisdiction pursuant to law as the acts complained of
   occurred, in substantial part, in the district of Connecticut, and the primary
   place of business of the primary defendant(s) is located in the district of
   Connecticut, codified at 28 U.S.C. § 1391(b).

3. The court has supplemental jurisdiction over all state claims presented herein.

## SUMMARY OF CLAIMS:

4. The plaintiff brings this action inter alia to vindicate his Constitutional and civil rights pursuant to the U.S. Constitution and all federal and state statues enumerated and applicable to the claims of the plaintiff stated herein.

5. The plaintiff alleges that his 1st amendment rights to free speech and to petition for redress have been abridged and denied by the acts of defendants Anthony Staffieri, Laura Wabno, Marcy Mcguire, Derby Republican Town Committee, Connecticuts Smallest City Blog, John Doe#1 operator of Connecticuts Smallest City Blog and John Doe#2 a.ka. Derby Conservative as the owner of derbyctpolitics.blogspot.com.

6. The plaintiff alleges that his fifth amendment right to due process has been abridged and denied by the acts of defendants Anthony Staffieri, Laura Wabno, Marcy Mcguire, Derby Republican Town Committee, Connecticuts Smallest City Blog, John Doe#1 operator of Connecticuts Smallest City Blog and John Doe#2 a.ka. Derby Conservative as the owner of derbyctpolitics.blogspot.com.

7.  The plaintiff alleges that defendants Anthony Staffieri, Laura Wabno, Marcy Mcguire, Derby Republican Town Committee, Connecticuts Smallest City Blog, John Doe#1 operatorof Connecticuts Smallest City Blog and John Doe#2 a.ka. Derby Conservative as the owner of derbyctpolitics.blogspot.com. have used their first amendment rights of free speech to abridge and deny the plaintiff his constitutional rights in violation of the Ninth amendment to the U.S. Constitution.

8.  The plaintiff alleges that his constitutional right to vote pursuant to the fifteenth amendment to the U.S. Constitution has been abridged and denied by the acts of defendants Anthony Staffieri, Laura Wabno, Marcy Mcguire, Derby Republican Town Committee, Connecticuts Smallest City Blog, John Doe#1 operator of Connecticuts Smallest City Blog and John Doe#2 a.ka. Derby Conservative as the owner of derbyctpolitics.blogspot.com.

9.  The plaintiff alleges that defendants Anthony Staffieri, Laura Wabno, Marcy Mcguire, Derby Republican Town Committee, Connecticuts Smallest City Blog, John Doe#1 operator of Connecticuts Smallest City Blog and John Doe#2 a.ka. Derby Conservative as the owner of derbyctpolitics.blogspot.com. have caused the plaintiff to suffer a deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983 (3).

**10.** The plaintiff alleges that defendants Anthony Staffieri, Laura Wabno,

Marcy Mcguire, Derby Republican Town Committee, Connecticuts Smallest City

Blog, John Doe#1 operator of Connecticuts Smallest City Blog and John Doe#2

a.ka. Derby Conservative as the owner of derbyctpolitics.blogspot.com.

have conspired against the plaintiff for the purpose of depriving, directly and

indirectly through threats,  intimidation and illegal acts constitutional and civil

rights and said acts have hindered state authorities from securing to the plaintiff

equal protection of the laws, the right to vote and the right to support or advocate

a position  in violation of 42 U.S.C. §1985 (3).

**11.** The plaintiff alleges that defendants Anthony Staffieri, Laura Wabno,

Marcy Mcguire, Derby Republican Town Committee, Connecticuts Smallest City

Blog, John Doe#1 operator of Connecticuts Smallest City Blog and John Doe#2

a.ka. Derby Conservative as the owner of derbyctpolitics.blogspot.com.

have conspired against the plaintiff and said conspiracy has damaged

the plaintiff in his person and property and resulted in the plaintiff

being denied rights, privileges and immunities secured to the plaintiff by the

Constitution of the United States, the Connecticut Constitution and the laws of the

United States and Connecticut in violation of 42 U.S.C. §1985 (3)

12. The plaintiff alleges that defendants Anthony Staffieri, Laura Wabno, Marcy Mcguire, Derby Republican Town Committee, Connecticuts Smallest City Blog, John Doe#1 operator of Connecticuts Smallest City Blog and John Doe#2 a.ka. Derby Conservative as the owner of derbyctpolitics.blogspot.com. knew of and refused to prevent any and all of the wrongs conspired to be done, and alleged herein against the plaintiff in violation of 42 U.S.C. §1986.

13. The plaintiff alleges that defendant Laura Wabno was negligent in the preparation, handling and delivery of state issued signature petition forms and said negligence is the direct cause of some or all of the plaintiffs damages.

14. The plaintiff alleges that defendants Secretary of the State Susan Bysiewicz and state election officer Pearl Williams were negligent in their investigation of missing state issued signature petition forms, enforcement of any and all state election laws that pertained to the handling and delivery of said forms to their offices (s) by defendant Laura Wabno. Said Negligence is the direct cause of some or all of the plaintiffs damages.

15. The plaintiff alleges that defendants Chris Bigelow owner of Connecticut Local Politics, LLC as well as two websites and or web pages known as ctlocalpolitics.net and ctlocalpolitics.net/derby , Jason Jones an agent of Connecticut Local Politics, LLC and an authorized operator of two websites ctlocalpolitics.net and ctlocalpolitics.net/derby, Melissa Ryan an agent of Connecticut Local Politics, LLC and an authorized operator of two websites ctlocalpolitics.net and ctlocalpolitics.net/derby John Doe#1 operator of Connecticuts Smallest City Blog and John Doe#2 a.ka.Derby Conservative have published enabled to be published and republished and enabled to be republished, malicious and defaming known falsities about the plaintiff and said publishing and republishing of said known falsities has damaged the plaintiff and reduced his standing in his community.

16. The plaintiff alleges that defendants Chris Bigelow and Connecticut Local Politics, LLC, published enabled to be published and republished and caused to be Published and republished, defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing.

17. The plaintiff alleges that defendants Chris Bigelow and Connecticut Local Politics, LLC, created, allowed to be created, maintained, controlled and enabled the posting of harassing statements, defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to intimidate, harass, defame, injure and damage the plaintiffs reputation and community standing on its own websites at ctlocalpolitics.net and ctlocalpolitics.net/derby.

18. The plaintiff alleges that defendants Chris Bigelow and Connecticut Local Politics, LLC, knew and should have known of defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing posted on any websites that they could have removed, controlled content on or disabled including but not limited to ctlocalpolitics.net/derby

19. The plaintiff alleges that defendant Christopher Bigelow as the owner of Connecticut Local Politics, LLC and its properties specifically, ctlocalpolitics.net and ctlocalpolitics.net/derby was negligent in their management in that defendants Christopher Bigelow and Connecticut Local Politics, LLC allowed defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to harass, defame, injure and damage the plaintiffs reputation and community standing to be published and republished on websites that they could have removed, controlled content on or disabled including but not limited to ctlocalpolitics.net and ctlocalpolitics.net/derby

20. The plaintiff alleges that defendant Christopher Bigelow as the owner of Connecticut Local Politics, LLC and its properties specifically, ctlocalpolitics.net and ctlocalpolitics.net/derby was negligent in their management in that he allowed defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to harass, defame, injure and damage the plaintiffs reputation and community standing to be published and republished in violation of company rules of Connecticut Local Politics, LLC written and posted by the defendant Chris Bigelow himself.

21. The plaintiff alleges that defendant Springfield College was negligent in that it allowed defendant Christopher Bigelow to manage and maintain ctlocalpolitics.net and ctlocalpolitics.net/derby from college commuters during the hours that the defendant Bigelow was working at the college.

22. The plaintiff alleges that defendant Springfield College was negligent in that it failed to prevent the maintenance and posting on the internet of defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to harass, defame, injure and damage the plaintiffs reputation and community standing by defendant Christopher Bigelow from college commuters during the hours that the defendant Bigelow was working at the college.

23. The plaintiff alleges that defendant Springfield College was negligent in that it failed to prevent the posting on the internet of defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing by defendant Christopher Bigelow from college commuters on website properties owned and controlled by defendant Connecticut Local Politics, LLC specifically, ctlocalpolitics.net and ctlocalpolitics.net/derby during the hours that the defendant Bigelow was working at the college.

24. The plaintiff alleges that defendant Springfield College was negligent in that it failed to provide computer security and monitoring specifically through the use of key word and phrase filters on College computers that would have prevented any and all access by defendant Chris Bigelow from his internet properties specifically, ctlocalpolitics.net and ctlocalpolitics.net/derby and failed to do so thus causing the plaintiff to be damaged.

25. The plaintiff alleges that defendant Springfield College owed a duty of due care and did breach said duty to assure that defendant Chris Bigelow was prevented from utilizing College computers to maintain and control his properties specifically, ctlocalpolitics.net and ctlocalpolitics.net/derby and thereby prevent the use of said properties to harass, intimidate, defame and injure the plaintiff.

26. The plaintiff alleges that defendant Springfield College owed a duty of due care and did breach said duty by failing to provide computer security and monitoring specifically through the use of key word and phrase filters on College computers that would have prevented any and all access by defendant Chris Bigelow from his internet properties specifically, ctlocalpolitics.net and ctlocalpolitics.net/derby and thereby prevent the use of said properties to harass, intimidate, defame and injure the plaintiff.

## PARTIES:

**27.** MEL THOMPSON

The Plaintiff is a registered Democratic elector in the City of Derby and a candidate for Mayor of Derby as an Independent candidate on November 6th 2007.

**28.** ANTHONY STAFFIERI

The defendant is the elected Mayor of the City of Derby Connecticut.

**29.** LAURA WABNO

The defendant is the elected Town Clerk of the City of Derby Connecticut.

**30.** MARCY MCGUIRE

The defendant is an assistant Town Clerk in the City of Derby Connecticut.

**31.** DERBY REPUBLICAN TOWN COMMITTEE

The defendant is a political entity in the City of Derby Connecticut.

**32.** SUSAN BYSIEWICZ

The defendant is the elected Secretary of the State of Connecticut.

**33.** PEARL WILLIAMS

The defendant is an elections officer of the State of Connecticut.

**34.** CONNECTICUT LOCAL POLITICS, LLC

The defendant is a internet publisher owned and operated by defendant Christopher Bigelow and managed by defendants Jason Jones, Melissa Ryan and Christopher Bigelow.

**35. JASON JONES**

The defendant a manger and or employee of the defendant

Connecticut Local Politics, LLC

**36. MELISSA RYAN**

The defendant a manger and or employee of the defendant

Connecticut Local Politics, LLC

**37. CONNECTICUTS SMALLEST CITY BLOG**

The defendant weblog is owned by Connecticut Local Politics, LLC

and is it all times subject to the control and dominion of Connecticut Local Politics,

LLC and its agents.

**38. JOHN DOE#1**

The defendant is the operator of defendant weblog Connecticuts Smallest City Blog

**39. JOHN DOE#2 AKA DERBY CONSERVATIVE**

The defendant is poster to defendant Connecticuts Smallest City Blog and the owner

of a now defunct blog that published defamatory statements about the plaintiff.

**40. CHRIS BIGELOW**

The defendant is the owner of Connecticut Local Politics, LLC and its properties

ctlocalpolitics.net and ctlocalpolitics.net/derby

**41. SPRINGFIELD COLLEGE**

Is a private college located in Massachusetts and the employer of defendant Chris

Bigelow

## FACTS:

42. The plaintiff an African American, registered as a member of the Democratic party since 1984, has been a candidate for the office of Mayor in Derby Connecticut since January of 2007.

43. The plaintiff has been and continues to be harassed, threatened and denied complete and proper access to the electoral process pursuant to local, state and federal law.

44. The plaintiff was warned by J.R. Romano a Republican political operative and twice candidate for State Representative in the 104th District that many "people in the Republican party will not tolerate a black man as mayor and are gearing up to stop it" Mr. Romano further went on to state that "the mayor (defendant Staffieri) has people who have already organized to stop you (the plaintiff )from ever being on the ballot" .

45. The plaintiff questioned Mr. Romano as to what he knew to which Mr. Romano replied "Mel, don't you understand the Republican Party has had meetings and they have a plan to keep you off the ballot".

46. Other conversations consisted of Mr. Romano expressing his thought that a "black man could not win in Derby" and "why bother putting yourself and family at risk" and that the plaintiff as a candidate takes votes away from Tony not John".

47. The plaintiff asked who was in on the planning to stop the plaintiffs campaign and was advised by Mr. Romano that "any one who is pissed at you has a reason to be meet and be involved, you know Tony, Wabno, Pinto"

48. The plaintiff asked why Mr. Romano was not in on these meetings " hey Tony has got a big head and is doing this crap without me, plus I got nothing against you personally".

49. Over a period of weeks the plaintiff was told by Mr. Romano that he ( meaning the plaintiff) "pissed off a lot of people with his ethics complaint against the Mayor" and that "even that skinny bitch Marcy in Wabno's office hates you, your too bold " and "you challenge their authority that is why so many people are against you" Said phone calls were not taken as a threat nor were they delivered in a threatening manner.

50. The final phone call to the plaintiff from Mr. Roamano was shortly after the plaintiff announced he was running as an independent this time the call came from the Mr. Romano from his phone at Merrill Lynch in New Haven in contrast to the other calls that were placed from Mr. Romano's cell phone.

51. The denial of ballot access experienced by the plaintiff is a product of a conspiracy confirmed by the Mr. Romano in his calls to the plaintiff to suppress voter turnout, voter participation and the civil rights of plaintiff by means of intimidation, harassment and purposeful manipulation of legal documents and processes that govern ballot access pursuant to state law.

52. The plaintiff upon information provided by the phone calls from Mr. Romano, blog entries, statements yelled at the plaintiffs home and those made to his face, the plaintiff has a reasonable belief and alleges that a conspiracy was formulated in person, by phone and via email by defendants, Derby Republican Town Committee Anthony Staffieri, Laura Wabno, Marcy McGuire, John Doe#1 and John Doe#2.

53. The plaintiff alleges upon information and belief that said conspirators engaged in the planning, preparation and activation of said conspiracy totally separate from any governmental entity including, but not limited to the City of Derby Connecticut.

54. Said conspiracy was the product of defendants, Anthony Staffieri, Derby Republican Town Committee Laura Wabno, Marcy McGuire, John Doe#1 and John Doe#2. and in no way involved any corporation including, but limited to the City of Derby Connecticut.

55. At no time did any corporate entity including but not limited to the City of Derby Connecticut engage in any activity that would or could make it a party to said conspiracy.

56. Said conspiracy has continued for approximately one year and came to complete fruition in August of 2007 by the deliberate and purposeful acts of defendant Laura Wabno, Town Clerk of the City of Derby Connecticut.

57. Said conspiracy and acts in the furtherance thereof have consisted of and included, use of the racial epithet "Nigger" directed at the plaintiff in person and on defendant controlled internet weblogs commonly known as "blogs", threats of death in at least one instance and when all of these failed to stop the plaintiffs campaign the fraudulent, purposeful and illegal manipulation of petitions issued by the Connecticut Secretary of the State by co-conspirator and defendant Laura Wabno.

58. The plaintiff after campaigning for several months as a Democratic candidate decided for political reasons to explore an independent candidacy and did investigate the procedures for accomplishing this goal.

59. The plaintiff decided to seek election to the office of Mayor as an independent candidate which would require him to obtain signature totaling 1% of all enrolled electors of any party including unaffiliated on forms provided by the office of the Secretary of the State.

60. The plaintiff having garnered 61 signatures which totaled 22 more than the required number of 39, presented his signed petitions in a timely manner to the town clerk of the City of Derby, defendant Laura Wabno pursuant the Connecticut State Statutes.

**61.** Pursuant to said statutes the plaintiff was required to have each signature page notarized by any person enumerated on said forms including but not limited to the town clerk prior to handing them in for review by the town clerk or her designee.

**62.** The plaintiff specifically asked defendant Laura Wabno ( hereinafter known as Wabno) to notarize the petition pages prior to accepting them and if this was not possible to notarize said pages to then inform the plaintiff of this at that very time and the plaintiff would have said petitions notarized elsewhere pursuant to Connecticut State Statutes.

**63.** At this defendant Wabno replied "its ok I will get them done, sign and I will notarize them all later".

**64.** Based on information provided to the plaintiff by New Haven Police Detective Renee Luneau, a Derby resident and a petitioning candidate for the Board of Education, defendant Wabno also made same or similar statements to her and five other petitioning candidates that led them all to believe that said petitions would be notarized by defendant Wabno and that no other requirements were left unfulfilled by these candidates.

**65.** Defendant Wabno after receiving the petitions and having them reviewed by the registrar of voters was required to provide to the Secretary of the States office copies and or originals of said petitions.

66. Defendant Wabno purposely failed to provide said copies and or originals to the Secretary of the State and in fact maintained control and dominion over said petitions for a period of 34 days.

67. By not filing said petitions with the secretary of the State, defendant Wabno caused the petitions to be filed a month past the deadline and thus causing the plaintiff and six other petitioning candidates to be removed from the ballot.

68. Defendant Pearl Williams ( hereinafter known as Williams) failed to review files to assure that said petitions were filed in a correct and timely manner by defendant Wabno.

69. Defendant Susan Bysiewicz ( hereinafter known as Bysiewicz) failed to review files to assure that said petitions were filed in a correct and timely manner by defendant Wabno.

70. Defendant Williams owed a duty of due care to the plaintiff to assure that said petitions were filed in a correct and timely manner by defendant Wabno and defendant Williams did breach said duty.

71. Defendant Bysiewicz owed a duty of due care to the plaintiff to assure that said petitions were filed in a correct and timely manner by defendant Wabno and defendant Bysiewicz did breach said duty.

72. On or about September 12th 2007,the plaintiff received a letter from defendant Williams informing him that the said petition forms had not been filed with the Office of the Secretary of the State and therefore the plaintiffs proposed nomination for Mayor as a petitioning candidate was "disapproved".

73. The plaintiff contacted  defendant Williams and was told that in fact that no petition forms were filed and that she ( defendant Williams) would call defendant Wabno regarding where the petitions were.

74. Within the hour defendant Williams called the plaintiff back and informed him that defendant Wabno had failed to follow the law and that she would be sending said petitions to the Secretary of the States Office over night.

75. Defendant Williams assured the plaintiff on September 13th and September 14th that the plaintiff was not at fault, that he would be listed as a petitioning candidate on the November 6th ballot and that a letter to that effect would soon be sent to him.

76. On or about September 14th the plaintiff received a letter from defendant Wabno stating "the misunderstanding was totally on my behalf" as to sending said petitions to the Secretary of the States Office.

77. Notwithstanding this admission defendant Wabno purposely mailed overnight petitions she knew were deficient in that they lacked the proper notarization for knowing that they would be rejected.

78. Defendant Wabno illegally and purposely held on to these petitions in the furtherance of a conspiracy that had only one aim and that was to deny ballot access to the plaintiff and any other petitioning that would have potentially taken votes away from any and all endorsed Republican candidates.

79. Out of the six petitions rejected only one person Keith McLiverty who was endorsed by the defendant Derby Republican Town Committee ( hereinafter known as RTC) still remained on the ballot in some fashion.

80. As to the plaintiff and all other petitioning candidates  they have only one option now and that is to wage a write in candidacy.

81. The actions of defendant Wabno as to not notarizing said petitions was deliberate as was her failure to provide them to the secretary of states office for over 30 days past the legal deadline.

82. These acts of defendant Wabno were in the furtherance of a planned and continuing conspiracy to violate the constitutional rights of the plaintiff and any other person that was perceived to be working with or involved with the plaintiff.

83. At no time has the plaintiff coordinated any political activity with any of the petitioning candidates and in fact the plaintiff has no personal relationship with any except officer Luneau who the plaintiff has known for over thirty years since childhood.

**84.** The conspiracy was implemented in stages that were suppose to intimidate and force the plaintiff to not run for Mayor.

**85.** Defendants, Anthony Staffieri, Laura Wabno, Marcy Mcguire, Derby Republican Town Committee, Connecticuts Smallest City Blog, and John Doe#2 ( hereinafter collectively known as the Derby Defendants) conspired to prevent the plaintiff from running for Mayor and obtaining access to the ballot as a petitioning candidate.

**86.** By using Weblogs ( hereinafter known as blogs) to defame and intimidate the plaintiff with racial taunts the Derby Defendants sought to deny the plaintiff his constitutional rights and derail any possibility that he would have access to the ballot as a candidate.

**87.** In particular defendant Marcy Mcguire ( hereinafter known as Mcguire) refused on multiple occasions to provide public records including but not limited to voter list to the plaintiff as part of a conspiracy to derail, harm and stop the plaintiffs candidacy in the furtherance of the aforementioned conspiracy.

**88.** In two other instances the plaintiff was threatened in the Connecticut Post by defendant Anthony Staffieri ( hereinafter known as Staffieri) and sent a local resident known to the plaintiff John Sharpe to drive past the plaintiffs home.

**89.** On the occasion of the threat in the media the plaintiff sent a letter to then Derby
Police Chief Andrew Cotta who declined to act on the complaint.

**90.** On the second occasion the plaintiff was cleaning leaves in front of his home
when a vehicle driven by John Sharpe ( a family friend of defendant Staffieri)
stopped and accosted the plaintiff with the following "the mayor and I want your
nigger ass out of town". This was in the fall of 2006 and was reported to the
Derby police who once again declined to investigate further than phones calls to
Mr. Sharpe warning him.

**91.** Defendants Connecticut Local Politics, LLC, Jason Jones and Melissa Ryan (
hereinafter known as CTlocal defendants) have and had actual and constructive
knowledge of the segment of said conspiracy that involved defaming and
threatening comments directed at the plaintiff and failed to prevent defamatory,
racist and threatening comments from being posted on ctlocalpolitics.net and
ctlocalpolitics.net/derby.

**92.** The CTLocal defendants knew or should have known of the defamatory,
racist and threatening comments being posted on websites controlled and owned
by Connecticut Local Politics, LLC. and had a duty of due care which they did
breach to enforce Connecticut Local Politics, LLC. written guidelines against
such postings.

**93.** In all cases the CTlocal defendants failed to prevent and did in fact publish republish and enable the publishing of said comments by the Derby defendants.

**94.** For the record the six petitioning candidates are Beth Collette, Keith McLiverty Mel Thompson, Kathie Ducharme, Renee Luneau and Marty Hubbard.

**95.** The plaintiff alleges that a conspiracy and acts in the furtherance thereof by the Derby Defendants, defamatory statements published and republished by the CTlocal defendants, defendants John Does #1 and #2, and defendant Connecticuts Smallest City Blog, as well as the negligent acts of defendants Williams and Bysiewicz have caused him economic damage and resulted in multiple violations of the plaintiffs constitutional, civil and statutory rights.

## CLAIMS FOR RELIEF

### COUNT ONE DENIAL AND ABRIDGEMENT OF THE PLAINTIFFS RIGHT TO FREE SPEECH PURSUANT TO THE 1ST AMENDMENT OF THE U.S. CONSTITUTION BY DEFENDANTS ANTHONY STAFFIERI, LAURA WABNO, MARCY MCGUIRE, DERBY REPUBLICAN TOWN COMMITTEE,CONNECTICUTS SMALLEST CITY BLOG, JOHN DOE#1 OPERATOR OF CONNECTICUTS SMALLEST CITY BLOG AND JOHN DOE#2 A.KA. DERBY CONSERVATIVE.

96. Plaintiff realleges each and every allegation in paragraphs 1-95 hereof as if set forth herein at length.

97. The plaintiff's constitutional right to freedom of speech pursuant to the1st Amendment of the U.S. Constitution has been abridged by defendants Anthony Staffieri, Laura Wabno, Marcy Mcguire, Derby Republican Town Committee, Connecticuts Smallest City Blog, John Doe#1 operator of Connecticuts Smallest City Blog and John Doe#2 a.ka. Derby Conservative hereinafter known as the Derby Defendants.

98. The Derby Defendants have conspired to prevent the plaintiff from exercising his right to free speech by acts of intimidation, threats and in desperation fraud.

99. The plaintiffs right to free speech was abridged by the acts of the Derby Defendants that resulted in the plaintiff being removed from an election ballot as a petitioning candidate.

100.    The plaintiff forced to run as a write in candidate will not be listed as a candidate on election ballots due to the purposeful, illegal and malicious acts of the Derby Defendants.

101.    The lack of ballot access has abridged the plaintiffs right to free speech manifested in not being listed as a candidate for Mayor on election ballots in the City of Derby even though he qualified to be listed as such.

102.    If not for the conspiracy and acts in the furtherance of said conspiracy by the Derby Defendants, the plaintiff and five others would be listed on election ballots as candidates for municipal office in the City of Derby.

103.    For these and all other foregoing reasons that plaintiff alleges that his right to free speech has been abridged and denied by the acts of the Derby Defendants and the plaintiff has suffered damages because of these acts.

**COUNT TWO DENIAL AND ABRIDGEMENT OF THE PLAINTIFFS RIGHT TO PETITION PURSUANT TO THE 1ST AMENDMENT OF THE U.S. CONSTITUTION BY DEFENDANTS ANTHONY STAFFIERI, LAURA WABNO, MARCY MCGUIRE, DERBY REPUBLICAN TOWN COMMITTEE,CONNECTICUTS SMALLEST CITY BLOG, JOHN DOE#1 OPERATOR OF CONNECTICUTS SMALLEST CITY BLOG AND JOHN DOE#2 A.KA. DERBY CONSERVATIVE.**

104.    Plaintiff realleges each and every allegation in paragraphs 1-103 hereof as if set forth herein at length.

105.    The Derby defendants have conspired to deny, prevent, intimidate and harass the plaintiff into not petitioning for redress by obtaining signatures as a candidate for Mayor.

106.    The plaintiff alleges specifically that the Derby Defendants did organize groups of party loyalist and supporters to intimidate and harass the plaintiff with the intent that the plaintiff would not run for mayor as a petitioning Democratic or independent candidate.

107.    The plaintiff alleges specifically that the Derby Defendants did organize groups of party loyalist and supporters to intimidate and harass the plaintiff by driving by the plaintiff house, slowing down and stopping to yell the racial epithet "Nigger" and "me and the Mayor want your Nigger ass out of town" and "Dead Nigger" and "No Nigger Mayor" at the plaintiff home and to the plaintiff face.

108.    The plaintiff alleges specifically that the Derby Defendants did develop and implement a plan to use an online weblog or "blog" to post the racial epithet "Nigger" threaten to kill the plaintiff and published known falsities designed to intimidate and dissuade the plaintiff from being a petitioning candidate for Mayor of Derby.

109.    The plaintiff alleges specifically that the Derby Defendants did meet and communicate with each other with the intent to prevent the plaintiff from being on the November ballot for Mayor of Derby.

110.    The plaintiff alleges that these meetings were accomplished in person, by phone and by email and said meetings purpose was to devise a plan to deny the plaintiff access to the November ballot for Mayor of Derby.

111.    The plaintiff alleges that the plan devised by the Derby Defendants included preventing and or delaying the plaintiff from obtaining current voter list for the express purpose of obtaining the signatures of registered voters on the plaintiffs petitions.

112.    The plaintiff alleges that the plan devised by the Derby Defendants included preventing and or delaying the plaintiff from obtaining copies of previous election information classified as public records including but not limited to old voter list known as "check off list" and fund raising records of previous candidates including but not limited to defendant Staffieri.

113.    When all other avenues failed the Derby Defendants by and through
Defendant Laura Wabno did knowingly and deliberately hinder the
electoral and petition process by concealing, hiding and not completing
state issued petition forms presented correctly and timely by the plaintiff
to her.

114.    The acts of the Derby Defendants have resulted in the plaintiffs
1st amendment right to petition for redress being abridged and has thus
caused the plaintiff damages.

115.    The plaintiff had a constitutional right to petition for redress as a candidate
and the Derby Defendants did conspire and act to prevent the plaintiff
from obtaining his right to redress through obtaining ballot access as a
candidate for Mayor of Derby via a petitioning process.

116.    The acts of the Derby Defendants have resulted in the plaintiff being
denied his 1st amendment right to petition for redress and has thus caused
the plaintiff damages.

**COUNT THREE DENIAL AND ABRIDGEMENT OF THE PLAINTIFFS
RIGHT TO DUE PROCESS PURSUANT TO THE 5TH AMENDMENT OF
THE U.S. CONSTITUTION BY DEFENDANTS ANTHONY STAFFIERI,
LAURA WABNO, MARCY MCGUIRE, DERBY REPUBLICAN TOWN
COMMITTEE,CONNECTICUTS SMALLEST CITY BLOG, JOHN
DOE#1 OPERATOR OF CONNECTICUTS SMALLEST CITY BLOG
AND JOHN DOE#2 A.KA. DERBY CONSERVATIVE.**

117.     Plaintiff realleges each and every allegation in paragraphs 1-116

hereof as if set forth herein at length.

118.     The plaintiff has a right to due process and said right has been abridged

and denied by there being no method to appeal the removal of the plaintiff

from the ballot as a candidate for Mayor.

119.     At no time has there been a hearing, notification or any warning that the

plaintiff was going to be removed from the ballot as a candidate.

120.     The candidate was removed due to a conspiracy and acts in the furtherance

thereof by the Derby defendants including but not limited to fraud and

hindering the processing of state issued petition forms.

121.     The plaintiff was notified that he did not qualify as a candidate for mayor

due to a lack of completed petition forms on or around September 12th

2007 by defendant Pearl Williams of the Connecticut Secretary of the

States Office.

122.    Upon being notified that the petitions were in fact completed, defendant Williams called defendant Wabno to confirm this and then called the plaintiff back and verbally told the plaintiff that he was in fact on the ballot and that a letter confirming this would be mailed within a day. No letter ever arrived no notice that the plaintiff was off the ballot for any reason was ever provided by defendant Williams or by Defendant Bysiewicz.

123.    The Derby Defendants acts pursuant to their conspiracy to prevent the plaintiff from appearing on the ballot as a candidate for mayor, included the holding of said petitions for over a month knowing that this would prevent any reasonable chance of state court action to place the plaintiffs name on the ballot prior to the deadline for absentee ballots on October 5th 2007.

124.    The Derby Defendants acts pursuant to their conspiracy to prevent the plaintiff from appearing on the ballot as a candidate for mayor, included fraudulently obtaining control and possession of said petitions knowing them to not be notarized and therefore invalid.

125.    By fraudulently obtaining control and possession of said petitions knowing them to not be notarized and therefore invalid the defendants knowingly prevented any reasonable chance of state court action to place the plaintiffs name on the ballot prior to the deadline for absentee ballots on October 5th 2007 or for the general election to be held on November 6th 2007.

126.    These collective acts prevented any reasonable intervention by state election officials, any timely appeal to any authority, judicial or administrative and thus eliminated the plaintiff right to due process through either the state courts or any other governmental process available to the plaintiff.

127.    By the time the plaintiff could have reasonably drafted a complaint and served the necessary parties the deadlines for absentee ballots were to close for any state court to have reasonably held a hearing and placed the plaintiffs name on the ballot prior to the absentee ballot deadline of October 5th 2007.

128.    The Derby Defendants knew that the plaintiff would and did in fact lose all reasonable avenues to due process and therefore would be hard pressed to have his name appear on the election ballot.

129.    The Derby Defendants conspired, planed and executed these acts in a concerted effort to deny and abridge the plaintiffs right to due process.

130.    These acts have resulted in the plaintiff being damaged as to his right to due process as guaranteed in the 5th Amendment to the United States Constitution.

**COUNT FOUR DENIAL AND ABRIDGEMENT OF THE PLAINTIFFS
RIGHT TO NOT HAVE OTHER ENUMERATED CONSTITUTIONAL
RIGHTS ABRIDGED PURSUANT TO THE 9TH AMENDMENT OF THE U.S.
CONSTITUTION BY DEFENDANTS ANTHONY STAFFIERI, LAURA
WABNO, MARCY MCGUIRE, DERBY REPUBLICAN TOWN
COMMITTEE,CONNECTICUTS SMALLEST CITY BLOG, JOHN DOE#1
OPERATOR OF CONNECTICUTS SMALLEST CITY BLOG AND JOHN
DOE#2 A.KA. DERBY CONSERVATIVE.**

131.    Plaintiff realleges each and every allegation in paragraphs 1-130

hereof as if set forth herein at length.

132.    The Derby defendants have used their right of free speech pursuant to

the 1st amendment of the U.S. Constitution to deny the plaintiff

of his rights as set forth at amendments 1,5,14 and 15 of the U.S.

Constitution.

133.    The Derby defendants did violate the plaintiffs 9th amendment rights by

using online blogs specifically Connecicuts Smallest City Blog to

intimidate, harass and vex the plaintiff as a means of forcing him to

withdraw from the race for Mayor.

134.    The Derby defendants did conspire to utilize their first amendment rights

to  hinder, injure and harm the rights of the plaintiff pursuant to

amendments 1,5,14 and 15 of the U.S. Constitution.

135.     The Derby defendants at all times had the intent and ability to intimidate

and harass the plaintiff  by utilizing, their first amendment rights to

hinder, injure and harm the rights of the plaintiff pursuant to amendments

1,5,14 and 15 of the U.S. Constitution.

136.     Specifically, these plaintiffs did conspire and develop a plan to stop the plaintiff from running for Mayor of Derby that included but was not limited to, intimidation and death threats on online blogs controlled by them and their agents.

137.     Said blogs found at ctlocalpolitics.net/derbyand derbyctpolitics.blogspot.com. acted as a message board and communication device for the Derby defendants that used the word "Nigger" and statements such as "Kill the Nigger" and "No Nigger Mayor" directed at the plaintiff.

138.     The Derby Defendants and others who posted to these blogs used their first amendment rights to free speech to intimidate and deny the plaintiff his constitutional rights pursuant to 1,5,14 and 15 amendments of the U.S. Constitution specifically his rights to petition, assemble, speech, liberty, due process, and his right to vote.

139.     These acts have resulted in the plaintiff being damaged as to his constitutional rights in violation of the 9th amendment to the U.S. Constitution as well as 1,5,14 and 15 of the U.S. Constitution.

**COUNT FIVE DENIAL AND ABRIDGEMENT OF THE PLAINTIFFS
RIGHTS PURSUANT TO THE 14TH AMENDMENT OF THE U.S.
CONSTITUTION BY DEFENDANTS ANTHONY STAFFIERI, LAURA
WABNO, MARCY MCGUIRE, DERBY REPUBLICAN TOWN
COMMITTEE,CONNECTICUTS SMALLEST CITY BLOG, JOHN
DOE#1 OPERATOR OF CONNECTICUTS SMALLEST CITY BLOG
AND JOHN DOE#2 A.KA. DERBY CONSERVATIVE.**

140.     Plaintiff realleges each and every allegation in paragraphs 1-139 hereof as

if set forth herein at length.

141.     The Derby defendants have denied the plaintiff his constitutional rights

pursuant to amendments 1, 5, 9, 14 and 15 in violation of the 14th

amendment to the U.S. Constitution.

142.     Specifically the Derby defendants through their conspiracy which was

completed by Defendant Wabno, denied the plaintiff of his liberty by

violating amendments 1, 5, 9, 14 and 15 of the United States Constitution.

143.     Specifically the Derby defendants through their conspiracy

abridged and denied the plaintiffs right to freedom of speech, the right to

assemble and the right to petition pursuant to the 1st amendment of the

U.S. Constitution.

144.    Specifically the Derby defendants through their conspiracy
abridged and denied the plaintiffs rights to liberty and due process
pursuant to the 5th amendment of the U.S. Constitution.

145.    Specifically the Derby defendants through their conspiracy
abridged and denied the plaintiffs right to privacy, expression, enjoyment
of his property, the right to freely exercise his right to pursue elected
office  and the right to be left alone without harassment pursuant to the 9th
amendment of the U.S. Constitution.

146.    Specifically the Derby defendants through their conspiracy
abridged and denied the plaintiffs rights to privileges, immunities, liberty,
due process and equal protection of the laws made applicable to the state
and its political subdivisions including Derby through the 14th amendment
to the U.S. Constitution.

147.    Specifically the Derby defendants through their conspiracy
abridged and denied the plaintiffs right to vote based on his race
in violation of the 15th amendment to the United States Constitution.

148.    Specifically the Derby defendants through their conspiracy
which was completed  by Defendant Wabno, denied the
plaintiff due process in violation of the 14th amendment to the U.S.
Constitution.

149.     Specifically the Derby defendants Derby defendants through their

conspiracy which was completed  by Defendant Wabno, denied the

plaintiff equal protection of the laws in violation of the 14th amendment to

the U.S. Constitution.

150.     These acts have resulted in the plaintiff being damaged as to his

constitutional rights in violation of the 14th amendment to the U.S.

Constitution.

**COUNT SIX DENIAL AND ABRIDGEMENT OF THE PLAINTIFFS
RIGHT TO VOTE PURSUANT TO THE 15TH AMENDMENT OF THE
U.S. CONSTITUTION BY DEFENDANTS ANTHONY STAFFIERI,
LAURA WABNO, MARCY MCGUIRE, DERBY REPUBLICAN TOWN
COMMITTEE,CONNECTICUTS SMALLEST CITY BLOG, JOHN
DOE#1 OPERATOR OF CONNECTICUTS SMALLEST CITY BLOG
AND JOHN DOE#2 A.KA. DERBY CONSERVATIVE.**

151.     Plaintiff realleges each and every allegation in paragraphs 1-150 hereof as

if set forth herein at length.

152.     The Derby defendants conspired to and have utilized online blogs and

individuals to intimidate, harass and threaten the plaintiff into forgoing his

right to run for political office.

153.     Specifically these defendants have used the racial epithet "nigger" through

agents and on their own online blog to intimidate, threaten and harass the

plaintiff.

**154.**    Said blogs found at ctlocalpolitics.net/derby and also at

derbyctpolitics.blogspot.com acted as a message board and

communication device for the Derby Defendants that used the word

"Nigger" and statements such as "Kill the Nigger" and "No Nigger

Mayor" directed at the plaintiff.

**155.**    The Derby defendants through and by their conspiracy completed by

defendant Wabno hindered, prevented and fraudulently handled

petition forms that if not for the conspiracy of the Derby defendants as

completed by defendant Wabno would have provided the plaintiff access

to the ballot as a candidate thus enabling him to vote for the candidate of

his choice.

**156.**    These acts conspired to be done and accomplished by the Derby

defendants had the purpose of denying and did deny the plaintiff the right

to vote based on his race in violation of the 15th amendment to the United

States Constitution and thus have damaged the plaintiff.

**COUNT SEVEN VIOLATION OF 42 U.S.C. §1983 BY DEFENDANTS
ANTHONY STAFFIERI, LAURA WABNO, MARCY MCGUIRE, DERBY
REPUBLICAN TOWN COMMITTEE,CONNECTICUTS SMALLEST
CITY BLOG, JOHN DOE#1 OPERATOR OF CONNECTICUTS
SMALLEST CITY BLOG AND JOHN DOE#2 A.KA. DERBY
CONSERVATIVE.**

157.     Plaintiff realleges each and every allegation in paragraphs 1-156 hereof as
          if set forth herein at length.

158.     The plaintiff alleges that the Derby defendants under color of law
          have caused the plaintiff to suffer a deprivation of rights, privileges, and
          immunities secured by the Constitution and laws of the United States and
          the State of Connecticut in violation of 42 U.S.C. §1983.

159.     Specifically the rights in question are those enumerated at amendments
          1, 5, 9, 14 and 15 made applicable to the state and its political
          subdivisions through the 14th amendment to the United States
          Constitution.

160.     Specifically the Derby defendants through their conspiracy
          abridged and denied the plaintiffs right to freedom of speech, the right to
          assemble and the right to petition pursuant to the 1st amendment of the
          U.S. Constitution.

161.    Specifically the Derby defendants through their conspiracy abridged and denied the plaintiffs right to liberty and due process pursuant to the 5th amendment of the U.S. Constitution.

162.    Specifically the Derby defendants through their conspiracy abridged and denied the plaintiffs right to privacy, expression, enjoyment of his property, the right to freely exercise his right to pursue elected office and the right to be left alone without harassment pursuant to the 9th amendment of the U.S. Constitution.

163.    Specifically the Derby defendants through their conspiracy abridged and denied the plaintiffs rights to privileges, immunities, liberty, due process and equal protection of the laws made applicable to the state and its political subdivisions including Derby through the 14th amendment to the U.S. Constitution.

164.    Specifically the Derby defendants through their conspiracy abridged and denied the plaintiffs right to vote based on his race in violation of the 15th amendment to the United States Constitution.

165.    Specifically the Derby defendants through their conspiracy which was completed by Defendant Wabno, denied the plaintiff due process in violation of the 14th amendment to the U.S. Constitution.

166.     Specifically the Derby defendants Derby defendants through their

conspiracy which was completed  by Defendant Wabno, denied the

plaintiff equal protection of the laws in violation of the 14th amendment to

the U.S. Constitution.

167.     The Derby defendants by and through defendant Laura Wabno and under

color of law have abridge the plaintiff rights to free speech, redress

through petition, due process and equal protection in violation of 42

U.S.C. §1983.

168.     These acts have resulted in the plaintiff being damaged as to his

constitutional rights in violation of 42 U.S.C. §1983.

**COUNT EIGHT VIOLATION OF 42 U.S.C. §1985 BY DEFENDANTS
ANTHONY STAFFIERI, LAURA WABNO, MARCY MCGUIRE, DERBY
REPUBLICAN TOWN COMMITTEE,CONNECTICUTS SMALLEST
CITY BLOG, JOHN DOE#1 OPERATOR OF CONNECTICUTS
SMALLEST CITY BLOG AND JOHN DOE#2 A.KA. DERBY
CONSERVATIVE.**

169.     Plaintiff realleges each and every allegation in paragraphs 1-168 hereof as

if set forth herein at length.

170.     The Derby defendants have conspired directly and indirectly for the

purpose of depriving the plaintiff of equal privileges and immunities

under the laws of Connecticut and the United States.

171.   The Derby defendants have conspired directly and indirectly for the purpose of preventing and hindering the constituted authorities of the state of Connecticut specifically the Secretary of the State, her office, agents and assigns from giving or securing to the plaintiff protection of the laws.

172.   The Derby defendants have conspired directly and indirectly for the purpose of preventing by threat and intimidation the plaintiff who is lawfully entitled to vote for the candidate of his choosing from having said choice.

173.   The Derby defendants have conspired directly and indirectly for the purpose of preventing by threat and intimidation the plaintiff from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person including himself.

174.   Specifically the Derby defendants through their conspiracy abridged and denied the plaintiffs right to freedom of speech, the right to assemble and the right to petition pursuant to the 1st amendment of the U.S. Constitution.

175.   Specifically the Derby defendants through their conspiracy abridged and denied the plaintiffs rights to liberty and due process pursuant to the 5th amendment of the U.S. Constitution.

176.    Specifically the Derby defendants through their conspiracy abridged and denied the plaintiffs right to privacy, expression, enjoyment of his property, the right to freely exercise his right to pursue elected office and the right to be left alone without harassment pursuant to the 9th amendment of the U.S. Constitution.

177.    Specifically the Derby defendants through their conspiracy abridged and denied the plaintiffs rights to privileges, immunities, liberty, due process and equal protection of the laws made applicable to the state and its political subdivisions including Derby through the 14th amendment to the U.S. Constitution.

178.    Specifically the Derby defendants through their conspiracy abridged and denied the plaintiffs right to vote based on his race in violation of the 15th amendment to the United States Constitution.

179.    Specifically the Derby defendants through their conspiracy which was completed by Defendant Wabno, denied the plaintiff due process in violation of the 14th amendment to the U.S. Constitution.

180.     Specifically the Derby defendants through their conspiracy
         which was completed by Defendant Wabno, denied the plaintiff
         equal protection of the laws in violation of the 14th amendment to
         the U.S. Constitution.

181.     All actions including, but not limited to the holding of petitions illegally
         for 34 days and the fraudulent acceptance of forms knowing them to be
         incomplete and inducing the plaintiff into turning in forms that were not
         complete, all of these were in the furtherance of the Derby defendants
         conspiracy and these things were carried out by defendant Wabno.

182.     The plaintiff has been injured in his person and his property by the acts of
         the Derby defendants and the furtherance of their conspiracy by defendant
         Wabno.

183.     These acts have resulted in the plaintiff being damaged as to his
         constitutional rights in violation of 42 U.S.C. §1985 (3)

**COUNT NINE VIOLATION OF 42 U.S.C. §1986 BY DEFENDANTS ANTHONY STAFFIERI, LAURA WABNO, MARCY MCGUIRE, DERBY REPUBLICAN TOWN COMMITTEE,CONNECTICUTS SMALLEST CITY BLOG, JOHN DOE#1 OPERATOR OF CONNECTICUTS SMALLEST CITY BLOG AND JOHN DOE#2 A.KA. DERBY CONSERVATIVE.**

184.     Plaintiff realleges each and every allegation in paragraphs 1-183 hereof as if set forth herein at length.

185.     The derby Defendants collectively and independently of each other knew of the conspiracy to injure, harm and deprive the plaintiff of his civil rights as set forth herein.

186.     At no time did any of the Derby defendants attempt or actually stop the planning, preparation or any part, element or action of the conspiracy or any act, plan or preparation in the furtherance of said conspiracy.

187.     The Derby defendants knew that their acts violated 42 U.S.C. §1985 (3) and none of them at any time attempted to or actually stopped the planning, preparation or any part element or action of the conspiracy or any act, plan or preparation in the furtherance of said conspiracy.

188.     These non actions are violations of 42 U.S.C. §1986 (3) and said violations have damaged the plaintiff.

## COUNT TEN NEGLIGENCE BY DEFENDANT LAURA WABNO

189.   Plaintiff realleges each and every allegation in paragraphs 1-188 hereof as if set forth herein at length.

190.   Defendant Laura Wabno while performing a ministerial act as town clerk of Derby, did fail to properly handle state issued petition forms given to her by the plaintiff.

191.   Specifically, defendant Wabno failed to notarize said forms as she said she would do when asked by the plaintiff to do so.

192.   Specifically, defendant Wabno failed to return any incomplete forms to the plaintiff in a timely manner causing a damaging delay in the complete processing of said forms.

193.   Specifically, defendant Wabno failed to mail to the Connecticut Secretary of the State said petition forms for a period of 34 days and said delay caused the plaintiff to continue to spend his own funds based on what he perceived as access to the ballot as a petitioning candidate.

194.   Defendant Wabno owed the plaintiff a duty of care in performing her ministerial acts as Town Clerk and she did breach said duties.

195.   The breach of these duties and lack of care in performing them is the actual cause of the plaintiff being damaged as to his right to be a petitioning candidate for Mayor on the November 6th Ballot in the City of Derby Connecticut.

196.    The plaintiff has been illegally removed from said ballot due to the negligence, acts and non acts of defendant Wabno.

197.    The plaintiff has been damaged by the negligence of defendant Laura Wabno.

## COUNT ELEVEN NEGLIGENCE BY DEFENDANTS SUSAN BYSIEWICZ AND PEARL WILLIAMS

198.    Plaintiff realleges each and every allegation in paragraphs 1-197 hereof as if set forth herein at length.

199.    Defendants Susan Bysiewicz and Pearl Williams while in the performance of ministerial duties associated with but not limited to monitoring, regulating and enforcing rules, regulations and laws in the handling, processing and delivery of petitioning forms, breached their duty of due care to the plaintiff.

200.    Specifically, defendants Bysiewicz and Williams failed to account for petition forms issued to the plaintiff until 34 days after they were due to be turned into their office by the town clerk of Derby.

201.    Specifically, defendants Bysiewicz and Williams failed to investigate the nature of any delay of the delivery of said forms with the town clerk who's responsibility it was to mail them to defendants Bysiewicz and Williams.

202.    A delay of 34 days resulted and when questioned defendant Williams stated to the plaintiff that "the town clerk was a fault and you will be receiving a letter that informs you that you are back on the ballot".

203.    The plaintiff has been damaged as to his civil and constitutional rights by the negligence and the breach of due care by defendants Bysiewicz and Williams.

204.    The plaintiff has been damaged in his property and person by the negligence and the breach of due care by defendants Bysiewicz and Williams.

205.    The breach of these duties and lack of care in performing them is the actual cause of the plaintiff being damaged as to his right to be a petitioning candidate for Mayor on the November 6th Ballot in the City of Derby Connecticut.

206.    The plaintiff has been damaged by the negligent acts of defendants Bysiewicz and Williams.

**COUNT TWELEVE  DEFAMATION BY DEFENDANTS JOHN DOE#1
JOHN DOE#2, CONNECTICUTS SMALLEST CITY BLOG,
CONNECTICUT LOCAL POLITICS, LLC,  CHRIS BIGELOW, JASON
JONES AND MELISSA RYAN**

207.      Plaintiff realleges each and every allegation in paragraphs 1-206 hereof as

if set forth herein at length.

208.      The plaintiff alleges that defendants Connecticut Local Politics, LLC,

Chris Bigelow Jason Jones, Melissa Ryan, John Doe#1 operator of

Connecticuts Smallest City Blog and John Doe#2 a.ka. Derby

Conservative owner of derbyctpolitics.blogspot.com

have published and republished malicious and defaming

known falsities about the plaintiff and said publishing and republishing of

said known falsities has damaged the plaintiff and reduced his standing in

his community.

209.      Specifically, these defendants have published and caused to be published

and republished malicious attacks against the plaintiff that have nothing to

do with politics including but not limited to the plaintiff showing signs of

mental illness for even running office and stating that the plaintiffs mental

state had deteriorated over a period of years.

210.    Specifically, these defendants have published and caused to be published and republished malicious attacks calling the plaintiff a "Nigger", and and most recently after the commencement of this action an "asshole" , accusing the plaintiff of being mentally ill and accusing the plaintiff of purchasing rather than earning his law degree.

211.    All of these acts individually and collectively have damaged the plaintiff, diminished his standing in his community and damaged his ability to earn a living.

### COUNT THIRTEEN FRAUD BY LAURA WABNO

212.    Plaintiff realleges each and every allegation in paragraphs 1-211 hereof as if set forth herein at length.

213.    The plaintiff was told by defendant Wabno that she would in fact notarize the plaintiff petition forms at a later time even though the plaintiff did sign said form in the defendants presence.

214.    The plaintiff had no reason to doubt that this was a proper and a correct procedure and had no doubt that due to the fact that the petitions were signed in the presence of the defendant and that the defendant in fact knew the plaintiff, the defendant could in fact complete the notarization process of said petitions later that day.

215.     Defendant Wabno did induce the plaintiff to leave said petition forms with
         her knowing that she would not notarize them as she had falsely led
         the plaintiff to believe.

216.     Defendant Wabno acting in the furtherance of the conspiracy developed
         by her and the other Derby defendants did intentionally induce the
         plaintiff to leave signed petition forms with her knowing that the plaintiff
         believed and had every reason to believe that defendant Wabno would in
         fact notarize them as she stated she would directly to the plaintiff.

217.     Defendant Wabno at the time of her false statements to the plaintiff knew
         that the plaintiff in fact relied on her as an authorized elected official to
         notarize said petition forms as she had expressly stated to the plaintiff that
         she would do.

218.     The plaintiff was induced to leave his petition forms with defendant
         Wabno after he signed each and every one as required by state law in her
         presence based on her statements to him that she would complete the
         notarization process later and said statements to this effect by defendant
         Wabno were false and known to be false by her when she made them
         directly to the plaintiff.

219.    Specifically defendant Wabno's fraudulent act resulted in the abridgement and denial of the plaintiffs right to freedom of speech, the right to assemble and the right to petition pursuant to the 1st amendment of the U.S. Constitution.

220.    Specifically defendant Wabno's fraudulent act resulted in the abridgement and denial of the plaintiffs rights to liberty and due process pursuant to the 5th amendment of the U.S. Constitution.

221.    Specifically defendant Wabno's fraudulent act resulted in the abridgement and denial of the plaintiffs right to privacy, expression, enjoyment of his property, the right to freely exercise his right to pursue elected office  and the right to be left alone without harassment pursuant to the 9th amendment of the U.S. Constitution.

222.    Specifically defendant Wabno's fraudulent act resulted in the abridgement and denial of the plaintiffs rights, privileges, immunities, liberty, due process and equal protection of the laws made applicable to the state and its political subdivisions including Derby through the 14th amendment to the U.S. Constitution.

223.     Specifically defendant Wabno's fraudulent act resulted in the abridgement and denial of the plaintiffs right to vote based on his race in violation of the 15th amendment to the United States Constitution.

224.     Specifically defendant Wabno in the furtherance of the conspiracy to prevent the plaintiff from appearing on the election ballot for November 6, 2007, denied the plaintiff due process in violation of the 14th amendment to the U.S. Constitution.

225.     Specifically defendant Wabno in the furtherance of the conspiracy to prevent the plaintiff from appearing on the election ballot for November 6, 2007, denied the plaintiff equal protection of the laws in violation of the 14th amendment to the U.S. Constitution.

226.     All actions including but not limited to the holding of petitions illegally for 34 days and the fraudulent acceptance of forms knowing them to be incomplete and inducing the plaintiff into turning in forms that were not complete, all of these were in the furtherance of the conspiracy and these things were carried out by defendant Wabno.

227.     The plaintiff has been damaged by the fraudulent acts of defendant Wabno in that the plaintiffs civil and constitutional rights as set forth herein have been abridged and denied due to this deliberate act of fraud.

## COUNT FOURTEEN DEFAMATION CHRIS BIGELOW

**228.**    Plaintiff realleges each and every allegation in paragraphs 1-227 hereof as if set forth herein at length.

**229.**    The plaintiff alleges that defendant Chris Bigelow, published, republished, enabled to be published and republished and caused to be published and republished  defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing.

**230.**    Specifically, the defendant published and caused to be published and republished malicious attacks against the plaintiff that have nothing to do with politics including but not limited to the plaintiff showing signs of mental illness for even running office and stating that the plaintiffs mental state had deteriorated over a period of years.

**231.**    Specifically, these defendant published and caused to be published and republished malicious attacks calling the plaintiff a "Nigger", accusing the plaintiff of being mentally ill and accusing the plaintiff of purchasing rather than earning his law degree.

232.    All of these acts individually and collectively have damaged the plaintiff, diminished his standing in his community and damaged his ability to earn a living.

233.    The plaintiff alleges that defendant Chris Bigelow , created, allowed to be created, maintained, controlled and enabled the posting of harassing statements, defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to intimidate, harass, defame, injure and damage the plaintiffs reputation and community standing on its own websites at ctlocalpolitics.net and ctlocalpolitics.net/derby.

234.    The plaintiff alleges that defendant Chris Bigelow, knew and should have known of defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing posted on any websites that they could have removed, controlled content on or disabled including but not limited to ctlocalpolitics.net and ctlocalpolitics.net/derby.

235.    The plaintiff alleges that defendant Christopher Bigelow as the owner of

Connecticut Local Politics, LLC and its properties specifically,

ctlocalpolitics.net and ctlocalpolitics.net/derby,  knowingly, willingly and

purposefully, allowed defamatory and threatening remarks, comments and

statements known to be false about the plaintiff with the intent to harass,

defame, injure and damage the plaintiffs reputation and community

standing to be published and republished on websites that he could

have removed, controlled content on or disabled including but not limited

to ctlocalpolitics.net and ctlocalpolitics.net/derby.

236.    The plaintiff alleges that defendant Christopher Bigelow through and by

the acts stated herein has damaged the plaintiff and is liable to the plaintiff

for said damages.

## COUNT FIFTEEN NEGLIGNECE CHRIS BIGELOW

237.    Plaintiff realleges each and every allegation in paragraphs 1-236 hereof as

if set forth herein at length.

238.    The plaintiff alleges that defendant Chris Bigelow, published, republished,

enabled to be published and republished and caused to be published and

republished  defamatory and threatening remarks, comments and

statements known to be false about the plaintiff with the intent to defame,

injure and damage the plaintiffs reputation and community standing.

239.    Specifically, the defendant published and caused to be published and republished malicious attacks against the plaintiff that have nothing to do with politics including but not limited to the plaintiff showing signs of mental illness for even running office and stating that the plaintiffs mental state had deteriorated over a period of years.

240.    Specifically, the defendant published and caused to be published and republished malicious attacks calling the plaintiff a "Nigger", accusing the plaintiff of being mentally ill and accusing the plaintiff of purchasing rather than earning his law degree.

241.    All of these acts individually and collectively have damaged the plaintiff, diminished his standing in his community and damaged his ability to earn a living.

242.    The plaintiff alleges that defendant Chris Bigelow , created, allowed to be created, maintained, controlled and enabled the posting of harassing statements, defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to intimidate, harass, defame, injure and damage the plaintiffs reputation and community standing on its own websites at ctlocalpolitics.net and ctlocalpolitics.net/derby.

243.    The plaintiff alleges that defendant Chris Bigelow, knew and should have known of defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing posted on any websites that they could have removed, controlled content on or disabled including but not limited to ctlocalpolitics.net and ctlocalpolitics.net/derby.

244.    The plaintiff alleges that defendant Christopher Bigelow as the owner of Connecticut Local Politics, LLC and its properties specifically, ctlocalpolitics.net and ctlocalpolitics.net/derby,  owed a duty of due care to the plaintiff and did negligently breach said duty by, allowing defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to harass, defame, injure and damage the plaintiffs reputation and community standing to be published and republished on websites that he could have removed, controlled content on or disabled including but not limited to ctlocalpolitics.net and ctlocalpolitics.net/derby.

245.    The plaintiff alleges that defendant Christopher Bigelow through and by the acts stated herein has damaged the plaintiff and is liable to the plaintiff for said damages.

## COUNT SIXTEEN NEGLIGENCE SPRINGFIELD COLLEGE

246.    Plaintiff realleges each and every allegation in paragraphs 1-245 hereof as if set forth herein at length.

247.    The plaintiff alleges that defendant Springfield College was negligent in that it allowed defendant Christopher Bigelow to manage and maintain ctlocalpolitics.net and ctlocalpolitics.net/derby from college commuters during the hours that the defendant Bigelow was working at the college.

248.    The plaintiff alleges that defendant Springfield College was negligent in that it failed to prevent the maintenance and posting on the internet of defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to harass, defame, injure and damage the plaintiffs reputation and community standing by defendant Christopher Bigelow from college commuters during the hours that the defendant Bigelow was working at the college.

249.    The plaintiff alleges that defendant Springfield College was negligent in that it failed to prevent the posting on the internet of defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing by defendant Christopher Bigelow from college commuters on website properties owned and controlled by his company, defendant Connecticut Local Politics, LLC specifically, ctlocalpolitics.net and ctlocalpolitics.net/derby during the hours that the defendant Bigelow was working at the college.

250.    The plaintiff alleges that defendant Springfield College was negligent in that it failed to provide computer security and monitoring specifically through the use of key word and phrase filters on College computers that would have prevented any and all access by defendant Chris Bigelow from his internet properties specifically, ctlocalpolitics.net and ctlocalpolitics.net/derby.

251.    The plaintiff alleges that defendant Springfield College owed a duty of due care and did breach said duty to assure that defendant Chris Bigelow was prevented from utilizing College computers to maintain and control his properties specifically, ctlocalpolitics.net and ctlocalpolitics.net/derby and thereby prevent the use of said properties to harass, intimidate, defame and injure the plaintiff.

252.    The plaintiff alleges that defendant Springfield College owed a duty of due care and did breach said duty by failing to provide computer security and monitoring specifically through the use of key word and phrase filters on College computers that would have prevented any and all access by defendant Chris Bigelow from his internet properties specifically, ctlocalpolitics.net and ctlocalpolitics.net/derby and thereby prevent the use of said properties to harass, intimidate, defame and injure the plaintiff.

**COUNT SEVENTEEN DEFAMATION JOHN DOE#2 A.KA. DERBY CONSERVATIVE**

253.     Plaintiff realleges each and every allegation in paragraphs 1-252 hereof as if set forth herein at length.

254.     The plaintiff alleges that defendant John Doe#2, published, enabled to be published and republished, caused to be published and republished  defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing.

255.     Specifically, the defendant published, enabled and caused to be published and republished malicious attacks against the plaintiff that have nothing to do with politics including but not limited to the plaintiff showing signs of mental illness for even running for office and stating that the plaintiffs mental state had deteriorated over a period of years.

256.     Specifically, the defendant published, enabled and caused to be published and republished malicious attacks on the plaintiff a including "Nigger", "kill the nigger" that nigger is crazy" and no nigger mayor" .

257.    Specifically, the defendant published, enabled and caused to be published and republished malicious attacks on the plaintiff accusing the plaintiff of being mentally ill and accusing the plaintiff of purchasing rather than earning his law degree.

258.    All of these acts individually and collectively have damaged the plaintiff, diminished his standing in his community and damaged his ability to earn a living.

259.    The plaintiff alleges that defendant John Doe#2 , created, allowed to be created, maintained, controlled and enabled the posting of harassing statements, defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to intimidate, harass, defame, injure and damage the plaintiffs reputation and community standing on his own website at derbyctpolitics.blogspot.com

260.    The plaintiff alleges that defendant John Doe#2, knew and should have known of defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing posted on any website that he could have removed said comments from, controlled content on or disabled including but not limited to his own posted under his pseudonym "Derby Conservative" at derbyctpolitics.blogspot.com

261.    The plaintiff alleges that defendant John Doe#2 AKA "Derby Conservative" as the owner of derbyctpolitics.blogspot.com knowingly, willingly and purposefully, allowed defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to harass, defame, injure and damage the plaintiffs reputation and community standing to be published and republished on a website identified as derbyctpolitics.blogspot.com that he could have removed, controlled content on or disabled said comments on.

262.    The plaintiff alleges that defendant John Doe#2 AKA "Derby Conservative" through and by the acts stated herein has damaged the plaintiff and is liable to the plaintiff for said damages.

## COUNT EIGHTEEN NEGLIGENCE JOHN DOE#2 A.KA. DERBY CONSERVATIVE

263.    Plaintiff realleges each and every allegation in paragraphs 1-262 hereof as if set forth herein at length.

264.    The plaintiff alleges that defendant John Doe#2, AKA "Derby Conservative" owed a duty of due care to the plaintiff to prevent known falsities from being published, enabled to be published and republished that constituted defamatory and threatening remarks, comments and statements about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing.

265.     The plaintiff alleges that defendant John Doe#2, AKA "Derby Conservative" did breach said duty by publishing, and republishing, enabling others to publish and republish defamatory and threatening remarks, comments and statements about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing.

266.     Specifically, the defendant published, enabled and caused to be published and republished malicious attacks against the plaintiff that have nothing to do with politics including but not limited to the plaintiff showing signs of mental illness for even running for office and stating that the plaintiffs mental state had deteriorated over a period of years.

267.     Specifically, the defendant published, enabled and caused to be published and republished malicious attacks on the plaintiff a including "Nigger", "kill the nigger" that nigger is crazy" and no nigger mayor" .

268.     Specifically, the defendant published, enabled and caused to be published and republished malicious attacks on the plaintiff accusing the plaintiff of being mentally ill and accusing the plaintiff of purchasing rather than earning his law degree.

269.    All of these acts individually and collectively have damaged the plaintiff, diminished his standing in his community and damaged his ability to earn a living.

270.    The plaintiff alleges that defendant John Doe#2 , created, allowed to be created, maintained, controlled and enabled the posting of harassing statements, defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to intimidate, harass, defame, injure and damage the plaintiffs reputation and community standing on its own website at derbyctpolitics.blogspot.com

271.    The plaintiff alleges that defendant John Doe#2, knew and should have known of defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing posted on any website that he could have removed said comments from, controlled content on or disabled including but not limited to his own posted under his pseudonym "Derby Conservative" at derbyctpolitics.blogspot.com

272.  The plaintiff alleges that defendant John Doe#2 AKA "Derby Conservative" as the owner of derbyctpolitics.blogspot.com knowingly, willingly and purposefully, allowed defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to harass, defame, injure and damage the plaintiffs reputation and community standing to be published and republished on a website identified as derbyctpolitics.blogspot.com that he could have removed, controlled content on or disabled said comments on.

273.  The plaintiff alleges that defendant John Doe#2 AKA "Derby Conservative" through and by the acts stated herein was negligent in that he breached a duty of due care owed to the plaintiff to prevent the publication and republication of defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to harass, defame, injure and damage the plaintiffs reputation and community standing.

274.    The plaintiff alleges that defendant John Doe#2 AKA "Derby
Conservative" through and by the acts stated herein
breached negligently breached a duty of due care owed
to the plaintiff by allowing  to be published and republished on a
website identified as derbyctpolitics.blogspot.com
defamatory and threatening remarks, comments and statements
known to be false about the plaintiff with the intent to harass,
defame, injure and damage the plaintiffs reputation and community
standing that he could have removed, controlled content thereof or
disabled said comments.

275.    The plaintiff alleges that defendant John Doe#2 AKA "Derby
Conservative" through and by the acts stated herein has damaged
the plaintiff and is liable to the plaintiff for said damages.

## COUNT NINETEEN NEGLIGENCE MELISSA RYAN AND JASON JONES

276.    Plaintiff realleges each and every allegation in paragraphs 1-275 hereof as if set forth herein at length.

277.    The plaintiff alleges that defendants Melissa Ryan AKA "Caffeinated Geek Girl or CGG" and Jason Jones AKA "disgruntled republican" acting in the managerial and agent capacity defined by defendant Connecticut Local Politics, LLC as "front pagers" published, enabled to be published and republished, caused to be published, republished defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing.

278.    Specifically, the defendants Ryan and Jones had a duty to follow the rules of defendant Connecticut Local Politics, LLC which prohibited the type of comments used to damage the plaintiff from being published on at and all web site properties owned and controlled by Connecticut Local Politics, LLC including but not limited to ctlocalpolitics.net and ctlocalpolitics.net/derby.

279.    Said rules created a duty of due care owed to the plaintiff that defendants Ryan and Jones in their managerial and agent capacity as "front pagers" of defendant Connecticut Local Politics, LLC did negligently breach said duty thus causing the plaintiff to sustain damages.

280.    Specifically, the defendants Ryan and Jones negligently published and caused to be published and republished malicious attacks against the plaintiff that have nothing to do with politics including but not limited to the plaintiff showing signs of mental illness for even running office and stating that the plaintiffs mental state had deteriorated over a period of years.

281.    Specifically, these defendants published and caused to be published and republished malicious attacks calling the plaintiff a "Nigger", accusing the plaintiff of being mentally ill and accusing the plaintiff of purchasing rather than earning his law degree.

282.    All of these acts individually and collectively have damaged the plaintiff, diminished his standing in his community and damaged his ability to earn a living.

283.    The plaintiff alleges that defendants Ryan and Jones, created, allowed to be created, maintained, controlled and enabled the posting of harassing statements, defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to intimidate, harass, defame, injure and damage the plaintiffs reputation and community standing on websites under their control and dominion at ctlocalpolitics.net and ctlocalpolitics.net/derby.

284.    The plaintiff alleges that defendants Ryan and Jones , knew and should
        have known of defamatory and threatening remarks, comments and
        statements known to be false about the plaintiff with the intent to defame,
        injure and damage the plaintiffs reputation and community standing
        posted on any websites that they could have removed, controlled content
        on or disabled including but not limited to ctlocalpolitics.net and
        ctlocalpolitics.net/derby.

285.    The plaintiff alleges that  defendants Ryan and Jones in their managerial
        and agent capacity as "front pagers" of defendant Connecticut Local
        Politics, LLC and its properties specifically, ctlocalpolitics.net and
        ctlocalpolitics.net/derby,  owed a duty of due care to the plaintiff and did
        negligently breach said duty by, allowing defamatory and threatening
        remarks, comments and statements known to be false about the plaintiff
        with the intent to harass, defame, injure and damage the plaintiffs
        reputation and community standing to be published and republished any
        websites that they could have removed, controlled content on or disabled
        including but not limited to ctlocalpolitics.net and
        ctlocalpolitics.net/derby.

286.     The plaintiff alleges that defendants Ryan and Jones through and by

the acts stated herein has damaged the plaintiff and is liable to the plaintiff

for said damages.

## COUNT TWENTY DEFAMATION JOHN DOE #1

287.     Plaintiff realleges each and every allegation in paragraphs 1-286  hereof as

if set forth herein at length

288.     The plaintiff alleges that defendant John Doe #1 acting as an agent

on behalf of defendant Connecticut Local Politics, LLC

by managing and carrying out administrative and technical functions to

maintain a website property of defendant Connecticut Local Politics,

LLC  known as ctlocalpolitics.net/derby did published, enabled to

be published and republished,  caused to be published and republished,

defamatory and threatening remarks, comments and statements known to

be false about the plaintiff with the intent to defame, injure and damage

the plaintiffs reputation and community standing.

289.     Specifically, the defendant published, enabled and caused to be

published and republished malicious attacks on the plaintiff a

including "Nigger", "kill the nigger" that nigger is crazy" and no

nigger mayor" .

290.    Specifically, the defendant published, enabled and caused to be published and republished malicious attacks on the plaintiff accusing the plaintiff of being mentally ill and accusing the plaintiff of purchasing rather than earning his law degree.

291.    All of these acts individually and collectively have damaged the plaintiff, diminished his standing in his community and damaged his ability to earn a living.

292.    The plaintiff alleges that defendant John Doe#1 , created, allowed to be created, maintained, controlled and enabled the posting of harassing statements, defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to intimidate, harass, defame, injure and damage the plaintiffs reputation and community standing on a website that he operated for defendant Connecticut Local Politics, LLC at at ctlocalpolitics.net/derby.

293.    The plaintiff alleges that defendant John Doe#1 through and by the acts stated herein has damaged the plaintiff and is liable to the plaintiff for said damages.

## COUNT TWENTY ONE  NEGLIGENCE JOHN DOE #1

294.    Plaintiff realleges each and every allegation in paragraphs 1-293  hereof as
        if set forth herein at length

295.    The plaintiff alleges that defendant John Doe #1 acting as an agent
        on behalf of defendant Connecticut Local Politics, LLC
        by managing and carrying out administrative and technical functions to
        maintain an website property of defendant Connecticut Local Politics,
        LLC  known ctlocalpolitics.net/derby did published, enabled to
        be published and republished,  caused to be published and republished,
        defamatory and threatening remarks, comments and statements known to
        be false about the plaintiff with the intent to defame, injure and damage
        the plaintiffs reputation and community standing.

296.    Specifically, the defendant John Doe #1 had a duty to follow the rules
        of  defendant Connecticut Local Politics, LLC which  prohibited the type
        of comments used to damage the plaintiff from being published on
        all website properties owned and controlled by Connecticut Local
        Politics, LLC including but not limited to ctlocalpolitics.net and
        ctlocalpolitics.net/derby.

297.    Said rules created a duty of due care owed to the plaintiff that defendant John Doe #1 in his managerial and agent capacity as representing defendant Connecticut Local Politics, LLC did negligently breach said duty thus causing the plaintiff to sustain damages.

298.    Specifically, the defendant John Doe #1 negligently published and caused to be published and republished malicious attacks against the plaintiff that have nothing to do with politics including but not limited to the plaintiff showing signs of mental illness for even running office and stating that the plaintiffs mental state had deteriorated over a period of years.

299.    Specifically, these defendant John Doe #1 published and caused to be published and republished malicious attacks calling the plaintiff a "Nigger", accusing the plaintiff of being mentally ill and accusing the plaintiff of purchasing rather than earning his law degree.

300.    All of these acts individually and collectively have damaged the plaintiff, diminished his standing in his community and damaged his ability to earn a living.

301.    The plaintiff alleges that defendant John Doe #1, created, allowed to be created, maintained, controlled and enabled the posting of harassing statements, defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to intimidate, harass, defame, injure and damage the plaintiffs reputation and community standing on websites under their control and dominion at ctlocalpolitics.net/derby.

302.    The plaintiff alleges that defendant John Doe #1, knew and should have known of defamatory and threatening remarks, comments and statements known to be false about the plaintiff with the intent to defame, injure and damage the plaintiffs reputation and community standing posted on any websites that they could have removed, controlled content on or disabled including but not limited to ctlocalpolitics.net/derby.

303. The plaintiff alleges that  defendants John Doe #1 acting as an

agent on behalf of defendant Connecticut Local Politics, LLC

by managing and carrying out administrative and technical functions to

maintain an website property of defendant Connecticut Local Politics,

LLC  known ctlocalpolitics.net/derby owed a duty of due care to the

plaintiff and did negligently breach said duty by, allowing defamatory and

threatening remarks, comments and statements known to be false about

the plaintiff with the intent to harass, defame, injure and damage the

plaintiffs reputation and community standing to be published and

republished any websites that they could have removed, controlled content

on or disabled including but not limited to a website that he operated for

defendant Connecticut Local Politics, LLC at ctlocalpolitics.net/derby.

304. The plaintiff alleges that defendant John Doe#1 through and by

the acts stated herein has damaged the plaintiff and is liable to the plaintiff

for said damages.

## PRAYER FOR RELIEF:

Wherefore, plaintiff respectfully ask this court and jury to:

(1)    The Plaintiff seeks monetary damages of not less than Ten Million

Dollars for the purposeful abridgement and denial of his civil and

constitutional rights

(2)    The plaintiff seeks monetary damages of not less than Ten Million Dollars for

damages due to libelous and slanderous statements that have defamed and

damaged his ability to earn a living, work and live peacefully in his community

and diminished his standing within his community.

(3)    The plaintiff seeks not less than Five Million Dollars for damages resulting from

the negligence of any and all named defendants herein.

(4)    The plaintiff seeks punitive damages of Thirty Million Dollars for the purposeful

abridgement and denial of his civil and constitutional rights

(5)    The plaintiff seeks punitive damages of Thirty Million Dollars for damages due

to libelous and slanderous statements that have defamed and damaged his ability

to earn a living, work and live peacefully in his community and diminished his

stature within his community.

(6)    The plaintiff seeks punitive damages of Fifteen Million Dollars for damages resulting from the negligence of any and all named defendants herein.

(7)    The plaintiff seeks any and all equitable relief deemed necessary and proper by the court and within its powers to grant.

(8)    The plaintiff seeks any reasonable verdict by a jury of his peers as to the facts to be decided in his favor.

(9)    The plaintiff seeks a total in monetary damages of One Hundred Million Dollars $100,000,000

**CLAIM FOR JURY:**

(1) The plaintiff hereby respectfully demands a trial by jury of all foregoing facts.

**CLAIM FOR EQUITABLE RELIEF:**

(1) The plaintiff hereby respectfully request equitable relief where appropriate of the foregoing issues.

**Dated this 1ST Day of November 2007**

MEL THOMPSON, J.D.
58 MARSHALL LANE
DERBY, CT 06418
203-549-5686
mel@melthompsonjd.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent, by first class mail, or hand to the following:

**ANTHONY STAFFIERI**
Derby City Hall
Derby, CT 06418

**LAURA WABNO**
Derby City Hall
Derby, CT 06418

**MARCY MCGUIRE**
Derby City Hall
Derby, CT 06418

**DERBY REPUBLICAN TOWN COMMITTEE**
Derby City Hall
Derby, CT 06418

**SECRETARY OF STATE SUSAN BYSIEWICZ**
c/o Atttorney General Richard Blumenthal
55 Elm St
Hartford, CT 06141-0120

**PEARL WILLIAMS**
c/o Atttorney General Richard Blumenthal
55 Elm St
Hartford, CT 06141-0120

**CONNECTICUT LOCAL POLITICS, LLC**

RICHARD L. BIGELOW, ESQ
203 TREMONT ST,
NEWINGTON, CT, 06111

## CERTIFICATE OF SERVICE PAGE 2

**SPRINGFIELD COLLEGE**
DR. RICHARD FLYNN
PRESIDENT  SPRINGFIELD COLLEGE
263 ALDEN STREET,
 SPRINGFIELD, MA 01109-3797

**CHRISTOPHER R. BIGELOW**
25 GLENDALE RD,
ENFIELD, CT, 06082

**JASON JONES**
18 Debbie Ln
Enfield, CT 06082-2101

**MELISSA RYAN**
115 Bungalow Ave
Fairfield, CT 06824-5054

**CONNECTICUTS SMALLEST CITY BLOG**
25 GLENDALE RD,
ENFIELD, CT, 06082

**JOHN DOE#1 OWNER OF CONNECTICUTS SMALLEST CITY BLOG**
25 GLENDALE RD,
ENFIELD, CT, 06082

**JOHN DOE#2 A.KA. DERBY CONSERVATIVE**
C/O Joseph Pinto III
8 Marshall Lane Apt 2
Derby, CT 06418

**MEL THOMPSON, J.D.**
**58 MARSHALL LANE**
**DERBY, CT 06418**
**203-549-5686**
**mel@melthompsonjd.com**